**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH A. MACKOOL, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-1391-KJD-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | Application to Proceed In |
| VANDERBILT MORTGAGE AND ) | Forma Pauperis (#1) and |
| AND FINANCE, INC., ) | Screening of Complaint |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on August 29, 2011.

**BACKGROUND**

Plaintiff alleges Defendant violated the Fair Credit Reporting Act (FCRA). On May 31, 2010, Plaintiff requested a copy of his credit report from Experian, Equifax, and Trans Union. Upon inspection, Plaintiff alleges that a debt/past due account with the Defendant was on his credit report. Plaintiff denies having an delinquent account with the Defendant. Plaintiff claims that on June 16, 2010, he sent a letter to Defendant informing them of the disputed account. Plaintiff subsequently contacted Experian, Equifax, and Trans Union via registered mail informing them of the disputed account. On or about June 18, 2011, Plaintiff sent Defendant a final notice of pending lawsuit in an attempt to settle the situation, but never received a response from Defendant. Based on these underlying facts, Plaintiff alleges four counts against Defendant.

In Count I, Plaintiff alleges Defendant is liable under 15 U.S.C. §1681(n) for wilful noncompliance. Plaintiff requests damages in the amount of $1,308,000.00 representing $1000.00

each day the Defendant violated the FRCA multiplied times three for each of the Credit Reporting Agencies (CRAs) to whom Defendant reported the information.  In Count II, Plaintiff alleges negligent noncompliance in violation of 15 U.S.C. § 1681(o).  In Count III, Plaintiff alleges the Defendant reported erroneous and inaccurate information in violation § 623 of the FCRA.  Finally, in Count IV, Plaintiff alleges Defendant failed to mark the account in dispute in violation  § 623 of the FCRA.   Plaintiff ultimately requests damages in the amount of $5,232,000.00 for violation of the FRCA, plus costs associated with this action, punitive damages in the amount of $3,000.000.00, and private attorney general fees of $3000.00 pursuant to *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991)

## DISCUSSION

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Mackool's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court

dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.  Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, a claim that arises under federal law. Therefore, the Court can properly exercise subject matter jurisdiction over this matter.

### B.  Plaintiff's Fair Credit Reporting Act Claims

The FCRA creates a private cause of action that enables consumers to sue both Credit Reporting Agencies (CRAs) and furnishers for wilful, intentional, or negligent non-compliance with the requirements of the statute. *See Gorman v. Wolpoff & Abramsom, LLP.*, 584 F.3d 1147, 1155 (9th Cir. 2009). However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA. § 1681s-2(c) ("Except [for circumstances not relevant here], sections 1681n and 1681o of this title do not apply to any violation of ... subsection (a) of this section, including any regulations issued thereunder."). Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies. *See* § 1681s-2(d). While furnishers are prohibited by the FCRA from providing inaccurate information to a CRA, *see* 15 U.S.C. § 1681s–2, the reporting of inaccurate information alone does not give rise to

civil liability in a private action. 15 U.S.C. § 1681s–2(c)(1). If a furnisher fails to comply with its statutory obligation to investigate disputes and to correct any inaccuracies found as a result of that investigation, the furnisher may then be subject to private suit by a consumer. *Gorman*, 584 F.3d at 1153-4.

To prevail on a claim against a furnisher, a consumer must prove that the furnisher provided inaccurate information to the CRA. 15 U.S.C. § 1681 s-2(b). The consumer must then prove that the furnisher, once notified of a dispute by the CRA, failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA. *Gorman*, 584 F.3d at 1154. A consumer's direct notification to the furnisher of an inaccuracy in the credit report does not trigger the furnisher's liability in a private action under the FCRA for a failure to reasonably investigate the dispute. *Id.* "In order to prove actual damages under the FCRA, Plaintiff must show Defendant's violation caused Plaintiff, as an individual consumer, the alleged damages he claims." *Johnson v. Wells Fargo Home Mortg., Inc.,* 558 F.Supp.2d 1114, 1123 (D. Nev. 2008). Damages are limited to the Defendant's wilful or negligent failure to comply with the statutes, not each day the Defendant is alleged to be in violation of the statute. *See* 15 U. S. C. 1681(n); *see also Konter v. CSC Credit Services, Inc.*, 606 F.Supp.2d 960, 967 (W.D.Wis. 2009).

Here, Plaintiff alleges that Defendant willfully and negligently violated 15 U.S.C. § 1681s-2(a), the duty of furnishers of information to provide accurate information. However, there is no private right of action under subsection (a). Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies. *See* § 1681s-2(d). Plaintiff therefore must bring a claim under subsection (b), duties of furnishers of information upon notice of dispute. For the purposes of screening, the Court will analyze Plaintiff's claim under the requirements of subsection (b).

Under subsection (b), a private right of action only arises after the CRA notifies the furnisher of the disputed account. Plaintiff failed to allege the Defendant was notified by the CRA of the disputed account. Instead, Plaintiff claims he personally notified the Defendant; however, a consumer's direct notification to the furnisher of an inaccuracy in the credit report does not trigger the furnisher's liability. *Gorman*, 584 F.3d at 1154. Plaintiff's Complaint therefore fails to state a

1  claim upon which relief can be granted.  The Court will grant Plaintiff leave to amend his
2  Complaint in accordance with the above discussion.  Accordingly,
3       **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*
4  (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty
5  dollars ($350.00).
6       **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action
7  to conclusion without the necessity of prepayment of any additional fees or costs or the giving of
8  security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the
9  issuance of subpoenas at government expense.
10       **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).
11       **IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for
12  failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have
13  **thirty (30) days** from the date that this Order is entered to file his Amended Complaint, if he
14  believes he can correct the noted deficiencies.  Failure to comply with this Order may result in the
15  dismissal of this action.
16       DATED this 14th day of September, 2011.

*/s/ George Foley Jr.*
_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE