Joseph A. Mackool
2521 Tonya Dr.
Pahrump, Nevada. 89060
(775) 751-2820
Action / In Propria Personam

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

JOSEPH A. MACKOOL, individual

        Plaintiff,

vs

CASE Dep 2:11-CV-1391 KJD-GWF

VANDERBILT MORTGAGE AND
FINANCE INC.,and all those employed
as JOHN and JANE DOES, 1 through 100
inclusive, et al,

        Defendant.

**CIVIL RIGHTS VIOLATION COMPLAINT**
**TRIAL BY JURY DEMANDED**

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff JOSEPH A. MACKOOL

Plaintiff's Complaint is based on a violation of the Fair Credit Reporting Act [15 U.S.C. 1681] et seq. (FCRA).

At all times the plaintiff is a resident of Nye County, State of Nevada.

From hereon forward Joseph A. Mackool , will be known as the plaintiff.

## JURISDICTION AND VENUE

Jurisdiction of this court arises pursuant to [15 U.S.C. 1681(p)], which states that such actions may be brought and

1  heard before "any appropriate United States district court without regard to the amount in controversy." The

2  defendant VANDERBILT MORTGAGE and FINANCE INC., 500 Alcoa trail, Maryville, TN. 37804, herein after

3  known as " Defendant " is a credit lender and is licensed to do business in the state of Nevada and as such is

4  governed under the law by the Fair Credit Reporting Act [15 U.S.C. § 1681], et seq. And also reports these

5  accounts to the national credit reporting agencies  i.e. Trans Union, Equifax, Experian, and Innovis , all national

6  credit reporting agencies. The State of Nevada abides by and adheres to these laws.  Thus establishing the

7  jurisdiction of this honorable court. Specifically the Fair Credit Reporting Act  §  618 [ 15 USC § 1681(p)], et seq.

8  The plaintiff brings this action as to how an alleged account was or was not reported correctly and reported

9  erroneous and inaccurate information in the plaintiffs Credit Reports.  The wrongful actions violated the civil rights

10  of the plaintiff and the law outlined in the Fair Credit Reporting Act [15 U.S.C. 1681], et seq. Plaintiff reserves the

11  right to amend his complaint as other defendants become evident.

12

13  ## PRELIMINARY STATEMENT

14  Plaintiff brings this action based upon  the Fair Credit Reporting Act  [ 15 U.S.C. 1681] et seq., ("FCRA").

15  Reporting erroneous and inaccurate information in the plaintiffs' Credit Report and for willful and negligent non-

16  compliance. Defendant is a furnisher of information as contemplated by FCRA section [1681s-2(a)&(b),(n)&(o)]

17  that regularly and in the ordinary course of business furnishes information to one or more consumer reporting

18  agencies about consumer transactions or experiences with any consumer.

19

20  ## INTRODUCTION

21  On May 31, 2010 plaintiff requested a copy of his credit report from Experian , Equifax and Trans Union.

22  Upon inspection of said reports the plaintiff observed that defendant was listed on the plaintiff's Experian, Equifax

23  and Trans Union credit reports indicating a debt / account due to alleged debt from defendant. The plaintiff had

24  contacted the defendant by Certified US mail No. 7008 1140 0003 9778 0641 (please see exhibit A) with receipt of

25  said letter  disputing the alleged account  on June 16, 2010 . The plaintiff denies having any agreement for credit,

26  loans or service relationship with the

27

1  defendant. Even if the plaintiff did have such an agreement, the alleged account is not in question here. But the fact

2  as to how it was or was not verified and wrongful actions of the defendant in inserting erroneous and inaccurate

3  information and failure to indicate the account is in dispute in the plaintiffs' credit reports, violated the civil rights

4  of the plaintiff and the law outlined in the Fair Credit Reporting Act 15 [U.S.C. § 1681,] et seq. Plaintiff contacted

5  Experian and disputed the erroneous and inaccurate information via U.S. Postel Service Certified Mail Return

6  Receipt # 7008 1140 0003 9778 0689 on June 16, 2010(see exhibit B) and said letter was received on June 21,

7  2010. Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postel Service

8  Certified Mail Return Receipt # 7008 1140 0003 9778 0696 on June 16, 2010 (see exhibit C) and said letter was

9  received on June 20, 2010. Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information

10  via U.S. Postel Service Certified Mail Return Receipt # 7008 1140 0003 9778 0702 on June 16, 2010 (see exhibit

11  D) and said letter was received on June 21, 2010.All three Credit Reporting Bureaus have indicated that they are

12  reporting the information correctly as reported by defendant. The plaintiff contacted the defendant on or around June

13  18, 2011 with a final notice of Pending Lawsuit in an attempt to settle this situation amicably to try and get a

14  response from the defendant prior to filing this Complaint. The defendant has never responded to the plaintiff. The

15  plaintiff has tried every way possible to resolve these issues but has not received an answer from the Defendant

16  VANDERBILT MORTGAGE and FINANCE INC., forcing the plaintiff to seek Justice and for the court to

17  intervene in this matter. The derogatory erroneous and inaccurate information still remains on the plaintiff's Credit

18  Report to date. The defendant has continued reporting erroneous and inaccurate information by updating the

19  plaintiff's credit report for more than one year even after informing the defendant of this and asking for proof of any

20  account and has not done so to-date. The defendant is in violation of the Fair Credit Reporting Act [ 15 U.S.C. §

21  1681s-2], et seq. as follows:

22  **COUNT I**

23  **Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

24  (a) In general. Any person who **willfully** fails to comply with any requirement imposed under this title with respect

25  to any consumer is liable to that consumer in the amount equal to the sum of

26

27  page 3 of 10

1  (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and

2  not more than $1,000; or

3  (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly

4  without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000,

5  whichever is greater;

6  (2) such amount of punitive damages as the court may allow; and

7  (3) in the case of any successful action to enforce any liability under this section, the costs of the action together

8  with reasonable attorney's fees as determined by the court

9  (b) Civil liability for knowing the noncompliance. Any person who obtains a consumer report from a consumer

10  reporting agency under false pretenses or knowingly without permissible purpose shall be liability to the consumer

11  reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

12  (c)Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in

13  connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall

14  award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the

15  pleading, motion, or other paper. As a result of defendants' willful failure to comply with the FCRA, defendants are

16  liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of

17  the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such

18  amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable

19  attorneys' fees.

20  Plaintiff restates and reiterates herein all previous paragraphs.

21    Plaintiff demands judgment in the amount of $1,308,000.00. This is based on every day that the Defendant

22  violated the FCRA ( four hundred thirty six days)) by willfully failing to comply with the requirements of the FCRA,

23  times $1000.00 times three for each one of the three national credit reporting bureaus. This is allowed for each and

24  every day that the Defendant fails to comply with the FCRA and its regulations.

25

26

27                  page 4 of 10

1

## COUNT II

2

**Civil liability for negligent noncompliance [15 U.S.C. 1681o]**

3
4
(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with

respect to any consumer is liable to that consumer in an amount equal to the sum of

5
(1) any actual damages sustained by the consumer as a result of the failure; and

6
7
(2) in the case of any successful action to enforce any liability under this section, the costs of the action together

with reasonable attorney's fees as determined by the court.

8
9
(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in

connection with an action under this section was filed in bad faith or for the purposes of harassment, the court shall

10
11
award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the

pleading, motion, or other paper.

12
13
14
15
Plaintiff demands judgment in the amount of $1,308,000.00. This is based on every day that the Vanderbilt violated the FCRA ( four hundred thirty-six days) by negligently failing to comply with the requirements imposed under the FCRA, times $1,000,00, times three for each one of the three national credit reporting bureaus. This is allowed for each day that the Defendant fails to comply with the FCRA and its regulations.

16

17

## COUNT III

18
19
20
The Plaintiff has disputed with the Defendant's and all three credit reporting agencies in the same time frame and the Defendant has not complied with the FCRA. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's character by saying that the Plaintiff doesn't pay his bills.

21
**Reporting erroneous and inaccurate information**

22
**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to**

23
**consumer reporting agencies:**

24
(a) Duty of furnishers of information to provide accurate information.

25
(1) Prohibition.

26

27

1    (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a

2    consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information

3    is inaccurate.

4    (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to

5    a consumer to any consumer-reporting agency if

6    **(i) the person has been notified by the consumer, at the address specified by the person for such notices, that**

7    **specific information is inaccurate; and**

8    (ii) the information is, in fact, inaccurate.

9    (2) Duty to correct and update information. A person who

10   (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting

11   agencies about the person's transactions or experiences with any consumer; and

12   (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

13   shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections

14   to that information, or any additional information, that is necessary to make the information provided by the person

15   to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that

16   remains not complete or accurate.

17   (3) **Duty to provide notice of dispute.** If the completeness or accuracy of any information furnished by any person

18   to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the

19   information to any consumer reporting agency without notice that such information is disputed by the consumer.

20   (b) Duties of furnishers of information upon notice of dispute.

21   (1) In general. After receiving notice pursuant to section 611(a)(2)[ 1681i] of a dispute with regard to the

22   completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

23   (A) conduct an investigation with respect to the disputed information;

24   (B) review all relevant information provided by the consumer reporting agency pursuant to section  611 (a) (2)[

25   1681 i];

26   (C)report the results of the investigation to the consumer reporting agency; and

27                                              page 6 of 10

1  (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other

2  consumer reporting agencies to which the person furnished the information and that compile and maintain files on

3  consumers on a nationwide basis.

4  (2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding

5  information provided by the person to a consumer reporting agency, before the expiration of the period under

6  section 611 (a) (1) [ 1681 i] within which the consumer reporting agency is required to complete actions required by

7  that section regarding that information .

8     Plaintiff demands judgment in the amount of $1,308,000.00. This is based on every day that the Defendant

9  violated  the FCRA ( four hundred thirty-six days) by reporting erroneous and inaccurate information, times

10  $1000.00 times three for each of the three national credit reporting bureaus. This is allowed for every day that the

11  Defendant fails to update the report by marking the alleged account in dispute.

12

## COUNT IV

13

14  The Defendant  has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports

15  as the defendant has not provided proof of any alleged account from June 16, 2010 and through today in all three

16  credit  reporting bureaus.   Defendant has failed to indicate that the alleged account is in dispute.

17  **Failure to mark the account in dispute**

18  **According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to**

19  **consumer reporting agencies**

20  (a) Duty of furnishers of information to provide accurate information.

21  (1) Prohibition.

22  (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a

23  consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information

24  is inaccurate.

25  (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to

26

27                                    page 7 of 10

a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

The Plaintiffs credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed by the consumer even though the plaintiff has sent a letter of dispute to the Defendant and to date the Defendant has not responded.

Plaintiff demands judgment in the amount of $1,308,000.00. Based on every day (four hundred thirty-six days) Defendant has failed to mark the account in dispute times $1,000.00 per violation, times all three national credit bureaus. The Defendant has broken the FCRA rules by updating the reports each day without marking the alleged account in dispute.

1  **Summation**

2
Plaintiff has disputed the alleged account with the Defendant and the Credit Reporting Agencies in a timely manner.
3
And therefore the Defendant is now reporting erroneous and inaccurate information on the Plaintiff's credit reports.
4
The Plaintiff now has a negatively impacted credit score as of this date and has been denied credit and/or denied
5
credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate
6
reporting and/or inaction's of the Defendant. Defendant has not only violated the Plaintiff's civil rights but damaged
7
the Plaintiff both monetarily and emotionally.
8
9  **WHEREFORE,** the defendant has violated the Fair Credit Reporting Act, plaintiff demands judgment in the

10  amount $5,232,000.00 U. S. dollars for their violations of the Fair Credit Reporting Act , plus all costs of this

11  action along with punitive damages in the amount of $3,000,000.00 in U. S. Dollars or as the Court may allow along

12  with Private Attorney General fees of $3000.00 as prescribed by law, Graziano v Harrison, 950 F2d. 107, 113 (3d

13  Cir. 1991)' 15 U.S.C. sec. 1692 k (a) (3), (see Zagorski v, Midwest Billing Services, Inc., F.3d—(1997 WL 695401,

14  7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997).

15

16  Respectfully submitted this _____29_____ day of _____August_____ , 2011.

17

18
Plaintiff, In propria Personam
19  2521 Tonya Dr.
Pahrump, Nevada 89060
20  (775) 751-2820
Palm.eto@hotmail.com
21

22

23

24

25

26

27                          page 9 of 10

1

2      **CERTIFICATE OF SERVICE**

3         I, hereby certify that a copy of the foregoing complaint / summons, Plaintiff, JOSEPH A. MACKOOL vs.

4      Defendant, VANDERBILT MORTGAGE and FINANCE INC., has been served upon the Defendant via process

5      server at their registered agent's place of business at THE CORPORATION TRUST COMPANY OF NEVADA,

6      311 S. DIVISION ST. CARSON CITY, NEVADA. 89703, on or about _____ day of _____ ,

7      2011 with affidavit of service by Process Service Receipt to be submitted to the Clerk of the Court.

8

9

10                                            _____ Joseph A. Mackool _____
                                              Plaintiff , In Propria Personam
11                                            Joseph A. Mackool
                                              2521 Tonya Dr.
12                                            Pahrump, Nevada. 89060
                                              (775) 751-2820
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFIED MAIL # : 7008 1140 0003 9778 0641

Vanderbilt Mortgage and Finance, Inc.,
P.O.Box 9800
Maryville, Tenn. 37802

   I, Joseph A. Mackool recently pulled up my credit report and noticed under the listing of Public Records, your reporting in my credit report information that I am now disputing. I DISPUTE THIS ACCOUNT.

Date : _____June  14_____ , 2010

                                _Joseph A. Mackool_
                                  all rights reserved, non-negotible

                             C/O 2521 Tonya Dr.
                           Pahrump , Nevada (near)-
                          address  (All rights Reserved)  89060

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Vanderbilt Mortgage + Finance
P.O. Box 9800
Maryville, Tenn. 37802

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Brent Everly

□ Agent
□ Addressee

B. Received by (Printed Name)   C. Date of Delivery

2010

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label)

7008 1140 0003 9778 0641

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

MARYVILLE TN 37804

| | |
|---|---|
| Postage | $ $0.44 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.54 |

Postmark Here   0320   14

Sent To   Vanderbilt Mortgage + Finance

Street, Apt. No; or PO Box No.   P.O. Box 9800

City, State, ZIP+4   Maryville, Tenn. 37802

7008 1140 0003 9778 0641

PS Form 3800, August 2006   See Reverse for Instructions

# **<u>Exhibit B</u>**

Certified Mail No: 7008 1140 0003 9778 0689

SS# 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

Joseph A. Mackool, all rights reserved
address used without prejudice to rights
c / o of 2521 Tonya Dr./St
  Pahrump, Non-Domestic is in
Nevada State
(**Not** U.N. military enclave "NV")
voluntary I.R.S. zip zone exempt
without prejudice ( 775 ) 751-2820

Experian
P.O.Box 9556
Allen, Texas. 75013

    On May 31, 2010 i pulled up my credit report with your agency and noticed a listing under

Public Records and any other areas of your site of a one Vanderbilt Mortgage and Finance, Inc.,

and AmeriCredit Corp.and the CBE Group, Inc. I AM DISPUTING THESE ACCOUNTS.

Date _Iune /6, , 2010

all rights reserved - non-negotiable

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

7008 1140 0003 9778 0689

Sent To  *Experian*

Street, Apt. No.; or PO Box No.  *P.O. Box 9556*

City, State, ZIP+4  *Allen, Texas 75013*

PS Form 3800, August 2006                     See Reverse for Instructions

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Experian*
*P.O. Box 9556*
*Allen, Texas 75013*

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  EXPERIAN
   701 EXPERIAN PARKWAY          ☐ Agent
                                 ☐ Addressee

B. Received by ( Printed Name )  JUN 2 2011   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7008 1140 0003 9778 0689

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# **Exhibit C**

Certified Mail No: 7008 1140 0003 9778 0696

SS# 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

Joseph A. Mackool, all rights reserved
address used without prejudice to rights
c / o of 2521 Tonya Dr./St
Pahrump, Non-Domestic is in
Nevada State
(**Not** U.N. military enclave "NV")
voluntary I.R.S. zip zone exempt
without prejudice ( 775 ) 751-2820

Equifax
P.O.Box 740241
Atlanta, Ga. 30374

On May 31, 2010 i pulled up my credit report with your agency and noticed a listing under

Public Records and any other areas of your site of a one Vanderbilt Mortgage and Finance, Inc.,

and AmeriCredit Corp.and the CBE Group, Inc.  I AM DISPUTING THESE ACCOUNTS.

Date_____June  16th__ 2010

_Joseph A. Mackool_

all rights reserved - non-negotiable

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

ATLANTA GA 30374

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

0321

Postmark Here
06/16/2010

Sent To: Equifax
Street, Apt. No.; or PO Box No.: P.O. Box 740241
City, State, ZIP+4: Atlanta GA. 30374

7008 1140 0003 9778 0696

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax
P.O. Box 740241
Atlanta, GA. 30374

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
JUN 20 2010

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered  ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)
   7008 1140 0003 9778 0696

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# **Exhibit D**

Certified Mail No: 7008 1140 0003 9778 0702

SS# 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

Joseph A. Mackool, all rights reserved
address used without prejudice to rights
c / o of 2521 Tonya Dr./St
  Pahrump, Non-Domestic is in
Nevada State
(**Not** U.N. military enclave "NV")
voluntary I.R.S. zip zone exempt
without prejudice ( 775 ) 751-2820

TransUnion
P.O.Box 1000
Crum Lynne, Pa. 19022

On May 31, 2010 i pulled up my credit report with your agency and noticed a listing under

Public Records and any other areas of your site of a one Vanderbilt Mortgage and Finance, Inc.,

and AmeriCredit Corp.and the CBE Group, Inc. I AM DISPUTING THESE ACCOUNTS.

Date ___June 16___, 2010

_Joseph A. Mackool_
all rights reserved – non-negotiable

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

CRUM LYNNE PA 19022

| | | |
|---|---|---|
| Postage | $ | $0.44 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.54 |

Sent To *Trans Union*

Street, Apt. No.; or PO Box No. *P.O. Box 1000*

City, State, ZIP+4 *Crum Lynne, PA 19022*

7008 1140 0003 9778 0702

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Trans Union*
*P.O. Box 1000*
*Crum Lynne, PA 19022*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
*TransUnion LLC*

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7008 1140 0003 9778 0702

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540